** PART I ** IN YOUR RECENT LETTER
YOU REQUEST THAT THE ATTORNEY GENERAL ANSWER THE FOLLOWING QUESTION: WHETHER THE PHYSICIAN MANPOWER TRAINING COMMISSION'S (COMMISSION) PROPOSED FUNDING OF STIPENDS FOR MEDICAL RESIDENTS ENROLLED IN TULSA HILLCREST MEDICAL CENTER'S RESIDENCY PROGRAM, IN HIS IMAGE, INC., WOULD VIOLATE THE ESTABLISHMENT CLAUSE OF ARTICLE II, SECTION 5 OR AMEND 1 OF THE U.S. CONSTITUTION? AS THIS IS AN INFORMAL RESPO NSE, ANY OPINION EXPRESSED HEREIN IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL AND IS NOT TO BE CONSTRUED AS THE FORMAL OPINION OF THE ATTORNEY GENERAL. AS STATED IN YOUR LETTER, FOR THE FIRST TIME THE COMMISSION HAS BEEN ASKED TO HELP FUND THE IN HIS IMAGE, INC., FAMILY PRACTICE RESIDENCY PROGRAM AT HILLCREST UNDER THE PHYSICIAN MANPOWER TRAINING COMMISSION ACT, 70 O.S. 697.1 (1990) ET SEQ. IN HIS IMAGE, INC., APPARENTLY WAS THE NAME OF THE RESIDENT PROGRAM AT THE FORMER SCHOOL OF MEDICINE AT ORAL ROBERTS UNIVERSITY. THE FUNDING REQUEST IS FOR FISCAL YEAR 1993. THE PROGRAM IS NOW COMPLETELY SPONSORED BY HILLCREST, AND THOUGH IT IS NO LONGER CONTROLLED BY ORAL ROBERTS UNIVERSITY, IT STILL CARRIES THE NAME IN HIS IMAGE. THIS IS THE LAST YEAR ANY OF THE RESIDENTS WHO WERE ORIGINALLY STUDENTS FROM ORAL ROBERTS MEDICAL COLLEGE WILL BE ENROLLED IN THE RESIDENCY PROGRAM AT HILLCREST. BASED UPON "A NEED TO IMPROVE THE BALANCE OF PHYSICIAN MANPOWER DISTRIBUTION IN THE STATE BOTH BY TYPE OF PRACTICE AND BY GEOGRAPHIC LOCATION," THE COMMISSION TYPICALLY ASSISTS IN FUNDING RESIDENCY PROGRAMS LIKE THE ONE AT HILLCREST THAT "EMPHASIZE THE TRAINING OF PRIMARY HEALTH CARE AND FAMILY PRACTICE PHYSICIANS AND . . . DEVELOP MANPOWER PROGRAMS TO SERVICE DIRECTLY THE RURAL AND NONMETROPOLITAN AREAS OF THE STATE. 70 O.S. 697.1. THIS FUNDING COMPORTS WITH THE EXPRESS IN TENT OF THE LEGISLATURE, NAMELY: "TO INCREASE THE NUMBER OF INTERNSHIPS AND RESIDENCY PROGRAMS OFFERED FOR THE TRAINING OF PHYSICIANS THROUGHOUT THE STATE THROUGH THE SHARING BY THE STATE OF THE COSTS OF SUCH INTERNSHIPS AND RESIDENCIES WITH HOSPITALS AND OTHER CLINICAL RESIDENCY TRAINING ESTABLISHMENTS." ID. THE STATUTORY MECHANISM FOR COMMISSION FUNDING OF RES IDENCY PROGRAMS CAN BE FOUND IN 70 O.S. 697.2: "(T)HE COMMISSION SHALL P ROVIDE FOR STATE ASSISTANCE BY SHARING THE COST ON A PERCENTAGE BASIS, AS MAY BE PRESCRIBED BY LAW OR AS DETERMINED BY THE COMMISSION, OF THE SALARY, FRINGE BENEFITS, TRAINING AND PROGRAM ADMINISTRATION OF THE INTERNS AND RESIDENTS AS MAY BE ARRANGED BY CONTRACT FOR REIMBURSEMENT WITH AN ACCREDITED AND APPROVED HOSPITAL AND ACCREDITED CLINICAL PROGRAMS THROUGHOUT THE STATE IN COOPERATION WITH THE UNIVERSITY OF OKLAHOMA COLLEGE OF MEDICINE, UNIVERSITY OF OKLAHOMA-TULSA MEDICAL COLLEGE AND THE OKLAHOMA COLLEGE OF OSTEOPATHIC MEDICINE AND SURGERY, WHICH PHYSICIAN TRAINING INSTITUTIONS IN THE STATE SHALL SERVE AS THE ADMINISTRATIVE AGENT FOR INTERNSHIP AND RESIDENCY PROGRAMS WHICH ARE LOCATED IN HOSPITALS AND CLINICAL TRAINING PROGRAMS THROUGHOUT THE STATE, WHICH PROGRAMS ARE AFFILIATED WITH SAID INSTITUTIONS AND APPROVED FOR FUNDING BY THE COMMISSION." ID. BECAUSE O RAL ROBERTS UNIVERSITY IS ARGUABLY A PERVASIVELY SECTARIAN EDUCATIONAL INSTITUTION, PUBLIC FUNDING OF A PROGRAM REMOTELY ASSOCIATED WITH THIS INSTITUTION IS SUBJECT TO CONSTITUTIONAL SCRUTINY. SPECIFICALLY, IF THE COMMISSION FUNDS STIPENDS FOR RESIDENTS OF THE IN HIS IMAGE RESIDENCY PROGRAM AT HILLCREST, THEN THIS STATE ACTION COULD BE SCRUTINIZED AS POTENTIALLY VIOLATING THE ESTABLISHMENT CLAUSE OF EITHER THE STATE OR FEDERAL CONSTITUTION. THE PERTINENT LANGUAGE OF THE STATE AND FEDERAL CONSTITUTION THE REFORE PROVIDES A STARTING POINT FOR OUR ANALYSIS. ACCORDING TO OKLA. CONST. ARTICLE II, SECTION 5: "NO PUBLIC MONEY OR PROPERTY SHALL EVER BE APPROPRIATED, APPLIED, DONATED, OR USED, DIRECTLY OR INDIRECTLY, FOR THE USE, BENEFIT, OR SUPPORT OF ANY SECT, CHURCH, DENOMINATION, OR SYSTEM OF RELIGION, OR FOR THE USE, BENEFIT, OR SUPPORT OF ANY PRIEST, PREACHER, MINISTER, OR OTHER RELIGIOUS TEACHER OR DIGNITARY, OR SECTARIAN INSTITUTION AS SUCH." ID. (EMPHASIS SUPPLIED). THE ESTABLISHMENT CLAUSE OF THE UNI TED STATES CONSTITUTION IS NOT AS EXPLICIT: "CONGRESS SHALL MAKE NO LAW RESPECTING AN ESTABLISHMENT OF RELIGION. . . ." AMEND 1